**No. 57788.**—Ciba Pharmaceutical Products, Inc. *v.* United States, protest 213560–K (New York).

Opinion by OLIVER, C. J.   In accordance with stipulation of counsel that the merchandise in question is not obtained, derived, or manufactured, in whole or in part, from any of the products mentioned by name in either paragraph 27 or 1651, and that it is a medicinal preparation, has therapeutic properties, is chiefly used for medicinal purposes, and is not a drug of either animal or vegetable origin, the claim of the plaintiff was sustained.

**No. 57789.**—Caron Spinning Company *v.* United States, protests 141136–K/1703, etc. (Chicago).

Opinion by OLIVER, C. J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159.   Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.   Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "T. D. 53159 Clean Content per cent" in schedule "A," attached to and made a part of the decision in this case.

**No. 57790.**—Jas. B. Draper & Sons, Inc., et al. *v.* United States, protests 184035–K, etc. (Boston).

Opinion by OLIVER, C. J.   It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159.   Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes.   Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content

under T. D. 53159" in the schedule attached to and made a part of the decision in this case.

**No. 57791.**—American Express Co. and The P. McGraw Wool Co. et al. *v.* United States, protests 187519–K, etc. (New York).

Opinion by OLIVER, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159. Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content" in the schedule attached to and made a part of the decision in this case.

**No. 57792.**—W. N. Proctor Company *v.* United States, protests 188437–K, etc. (Boston).

Opinion by OLIVER, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159. Said T. D. 53159 was issued following the decision in *Fred Whitaker Company, Inc.* v. *United States* (27 Cust. Ct. 168, C. D. 1365), affirmed in *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492), wherein the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "Clean Content under T. D. 53159" in the schedule attached to and made a part of the decision in this case.

**No. 57793.**—W. N. Proctor Company *v.* United States, protests 193892–K, etc. (Boston).

Opinion by OLIVER, C. J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159. Said T. D. 53159 was issued following the de-